UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------X
                                                     :
ROBERT A. DEFRUSCIO,                                 :
                Plaintiff,                           :
                                                     :
v.                                                   :    Civil Action No. _____
                                                     :
MICHELE NEWLAND,                                     :
                Defendant.                           :    August 28, 2023
-----------------------------------------------------X

## COMPLAINT

Plaintiff Robert A. DeFruscio ("DeFruscio"), as and for his Complaint against defendant Michele Newland ("Newland"), alleges as follows:

**Parties and Jurisdiction**

1. DeFruscio is a citizen of the State of Connecticut with a primary residence in Stamford, Connecticut.

2. Newland is a citizen of the State of California with a primary residence at 982 Sandcastle Drive, Corona Del Mar, California 92625.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §131(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred this judicial district.

**Count One (Breach of Contract)**

5.  Along with an individual named Philip Matthews ("Matthews"), DeFruscio and Newland were founders of a Connecticut limited liability company named RPM Capital Management, LLC ("RPM or "the Company").

6.  RPM is an investment advisory firm registered with the United States Securities and Exchange Commission that services high net-worth clients.

7.  When DeFruscio, Matthews and Newland formed RPM in 2012 they each owned equal membership interests of the Company.

8.  The management of RPM and relationships between the member of RPM (as members of RPM) is governed by the RPM Capital Management, LLC Operating Agreement dated March 27, 2012 ("the Operating Agreement").

9.  DeFruscio, Matthews and Newland were parties to and bound by the Operating Agreement.

10. The Operating Agreement constituting a valid contract.

11. The Operating Agreement has not been amended, modified, or rescinded.

12. Pursuant to an LLC Reorganization Agreement dated May 10, 2017, Matthews sold his membership interest in RPM to RPM and ceased to be a member of RPM.

13. Since May 10, 2017, DeFruscio and Newland have each owned one-half of the membership interests of RPM.

14. The Operating Agreement mandates that all consents, approvals, decisions, actions, or other exercise of rights by members be supported by the affirmative vote or written consents of a Majority in Interest, meaning Members holding an aggregate of more than fifty percent (50%) of the Percentage Interests held by all Members.

4891-0364-4536, v. 1

15. The Operating Agreement mandates that certain actions can only be taken if approved by a Super Majority in Interest, meaning Members holding an aggregate of 75% or more of the Percentage Interests held by all Members.

16. Between October 22, 2015, and January 2023, Newland denied DeFruscio any opportunity to vote his membership interest, approve or disapprove any action of RPM or otherwise participate in the management and affairs of RPM.

17. Between at least May 10, 2017 and January 2023, Newland acted as if she had sole and complete authority over the management and affairs of RPM.

18. On multiple occasions, Newland caused RPM to take actions without first obtaining necessary approval from a Majority in a Interest.

19. On multiple occasions, Newland caused RPM to take actions without first obtaining necessary approval from a Super Majority Interest.

20. The unauthorized actions that Newland caused RPM to take included: (a) paying RPM member distributions to her without paying *pro rata* member distributions to DeFruscio, (b) making guaranteed payments to her; (c) initiating and prosecuting a civil action against DeFruscio in the Connecticut Superior Court, and (d) failing to provide financial records, including tax documents, to DeFruscio.

21. The actions Newland took without obtaining necessary approval violated her obligations as a contract party to the Operating Agreement and her contract obligations to DeFruscio.

22. The actions that Newland took damaged DeFruscio.

23. Newland is liable to DeFruscio for breach of contract.

**Count Two (Breach of Fiduciary Duty)**

24. DeFruscio repeats and re-alleges the allegations contained in Paragraphs 1-23 of the Complaint as if fully of at length herein.

25. Since at least October 22, 2015, Newland has acted as the Managing Member of RPM to exclude DeFruscio from any decision making with respect to the operations and management of RPM.

26. Since at least May 10, 2017, Newland has acted as if she had the sole authority and complete discretion over the business and operations of RPM.

27. Since May 10, 2017, Newland has owned fiduciary duties of loyalty and care to DeFruscio as the owner of fifty percent (50%) of the membership interests of RPM.

28. During the three (3) year preceding the filing of this Complaint, Newland breached her fiduciary duties of care owing to DeFruscio in at least the following ways: (a) paying herself RPM profit distributions without causing RPM to pay proportionate profit distributions to DeFruscio; (b) allowing and directing RPM to take actions without proper authorization; (c) filing public disclosures containing information about DeFruscio she knew to be false; (d) causing RPM to not provide financial records to which he had a legal entitlement; (e) causing RPM to pay her guaranteed payments which she was not entitled to receive; (f) causing RPM to pay to Newland profit distributions disguised as salary compensation.

29. The actions taken by Newland described above during the three (3) year period preceding the filing of this Complaint breached her fiduciary duties to DeFruscio.

30. Newland is liable to DeFruscio for breach of fiduciary duty.

4891-0364-4536, v. 1

WHEREFORE, DeFruscio prays for the entry of a Judgment against Newland providing for:

   (a) Money damages;

   (b) Prejudgment interest; and

   (c) Such other and further relief that the Court deems just and appropriate.

           THE PLAINTIFF
           ROBERT A. DEFRUSCIO

           By: */s/ Mark S. Gregory*
             Mark S. Gregory
             Martin LLP
             333 Ludlow Street
             South Tower
             Stamford, Connecticut 06902
             Tel: (203) 973-5210
             Fax: (203) 973-5250
             E-Mail: mgregory@martinllp.net